**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RAYMOND TYRONE DAVIS,<br><br>    Petitioner<br><br>v.<br><br>JOE LOMBARDO,<br><br>    Respondent | Case No.: 2:20-cv-01755-JAD-NJK<br><br>**Order Dismissing Action<br>and Denying Motions**<br><br>ECF Nos. 5, 6 |

Petitioner Raymond Tyrone Davis brings this *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 to challenge the pretrial proceedings in what appears to be a still-pending state-court prosecution.[1]  Because petitioner has failed to submit an application to proceed *in forma pauperis* or pay the filing fee, this matter has not been properly commenced[2] and the court dismisses it on that basis, without prejudice to Davis's ability to file a new petition in a new action with either the $5.00 filing fee or a completed application to proceed *in forma pauperis* on the proper form with both an inmate account statement for the past six months and a properly executed financial certificate.  Petitioner at all times remains responsible for properly exhausting his claims, for calculating the running of the federal limitation period as applied to his case, and for properly commencing a timely-filed federal habeas action.

---

[1] ECF No. 1-1.

[2] 28 U.S.C. § 1915(a)(2) and Local Rule LSR1-2.

The court notes that Davis's petition also appears to suffer from several other defects, including lack of exhaustion[3] and failure to state claims for which federal habeas relief may be granted, at least as to some claims.[4]

IT IS THEREFORE ORDERED that the Clerk **detach and file the petition [ECF No. 1-1]**.

IT IS FURTHER ORDERED that **the petition is DISMISSED** without prejudice as set forth in this order.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED because jurists of reason would not find this result debatable.

And because this case is being dismissed, IT IS FURTHER ORDERED that petitioner's **emergency motion for continued review [ECF No. 5] and motion for relief [ECF No. 6] are both DENIED** as moot.

The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.

Dated: October 29, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

[3] *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).

[4] This court may entertain a petition for writ of habeas corpus "on behalf of a person in custody [based on] the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).